### SHEPARD *v.* NEW YORK EL. R. Co. *et al.*.

*(Supreme Court, General Term, First Department.  June 26, 1891.)*

1. TRIAL—REMARKS OF COUNSEL.
    In a case tried before referees, a judgment for plaintiff will not be disturbed because of remarks of plaintiff's counsel made at the opening of the case before any evidence was introduced, where it appears that the referees were guilty of no misconduct, and made an award of an amount very much less than was claimed by plaintiff, and such as might fairly have been allowed on the evidence.
2. OPINION EVIDENCE—VALUE OF LAND.
    A witness who has lived in a certain neighborhood for 25 years, and owned property there, and has kept himself informed as to both fee and rental values, may give his opinion as to the value of certain property in such neighborhood.
3. APPEAL—OBJECTIONS NOT RAISED BELOW.
    Where the answer of a witness to a question is not objected to on the trial, it cannot afterwards be contended on appeal that such answer was incompetent.

Appeal from judgment on report of referee.

Action by Augustus D. Shepard against the New York Elevated Railroad Company and the Manhattan Railway Company for damages and for an injunction. From a judgment for plaintiff, which enjoined and restrained defendants from the further maintenance or operation of their elevated railroad in front of the premises No. 111 Greenwich street, but provided that if defendants should pay to plaintiff $5,000, and accept a conveyance of the easements, the injunction should be inoperative, defendants appeal.

Argued before VAN BRUNT, P. J., and BARRETT and PATTERSON, JJ.

*Davies & Rapallo*, (*Julien T. Davies* and *J. C. Thomson*, of counsel,) for appellants. *Peckham & Tyler*, (*William G. Peckham*, of counsel,) for respondent.

PATTERSON, J. We see no reason for disturbing the judgment entered upon the report of the referee. In the opening remarks of counsel on the hearing, which have been accepted to, many inconsequent and irrelevant things seem to have been said, which as they are reported, if they had any weight at all, we would regard as rather tending to prejudice the referees against the plaintiff than prepossess them in his favor. It cannot be inferred that they were at all impressed by the rambling talk which appears to have been the feature of the opening. They were bound to determine the case on its merits. No testimony had been offered. It is a very different thing when the proofs are all in, and counsel comment on them in such a way as may influence the mind of jurors unfairly, by illegitimate allusion to matters outside the record. When a case is opened, there is no record at all; and while it is barely possible that before a jury such unchecked statements, made at the outset of a trial, might affect them, it is incredible that a tribunal composed of experienced men, such as these three referees, would in any way be governed by what was said before a witness was called, or that after a protracted investigation, covering a long period of time, their mature deliberation upon the evidence when it was all before them, would be controlled by a mere wandering opening speech. That would be to hold that the referees were not only unfit to be trusted with the duty devolved upon them, but that they were foolish enough to be affected by what would not influence an intelligent child who understood how to form an opinion upon facts presented to him. The cases cited by the appellants relate to a different phase of the question. There is no misconduct shown on the part of the referees.

They were patient and tolerant, and that is all; and when we come to consider the whole case it is quite apparent they did not make their award in view of what was said on the opening, but, on the contrary, fixed an amount very much below that claimed and expected by the plaintiff, and much within the limit they might have gone to on the proofs.

An exception was taken to the testimony of the witness Sibel, who was asked the value of certain property on Greenwich street in the years 1870 to 1873. The specific ground of the objection was that the witness was incompetent to testify as an expert. We think his examination showed that he was quite competent to speak as to facts, and also to give an opinion as to values on Greenwich street. He was an owner of real estate there and in other parts of the city. He had lived on Greenwich street, in the neighborhood of the premises referred to in the question, for a quarter of a century, and had kept himself well informed of both fee and rental values of property in that vicinity.

An exception was also taken to a ruling permitting the witness Eddy to answer a question by which he was asked, on redirect examination, to state, further, what was the cause of the fall in values of property on Greenwich street. He was a so-called expert witness on behalf of the plaintiff, and on cross-examination had been interrogated as to the causes of the advance or decline of real estate in certain localities. It is not argued now that the question was improper. It called for facts, and not conclusions of the witness, and the plaintiff was entitled to dispel any inference that might have been drawn from the testimony on the cross-examination as to decline in values, for so far the causes then stated seemed to be the only operative ones in the judgment of the witness. The answer is objected to, however, and it is said that it is an expression of an opinion by the witness in one of the issues the referees were to determine. But that answer stands unchallenged. No motion was made to expunge it, and it went before the referees with the apparent acquiescence of the defendants. The other exceptions noted on the appellants' brief as being insisted upon do not require consideration. Judgment affirmed, with costs.

VAN BRUNT, P. J., and BARRETT, J., concur in the result.